UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 22-1084

RASON A. HORTON,
    Petitioner - Appelant,

v.

GEORGE STEPHENSON,
    Respondent - Appelee

RECEIVED
MAR 0 3 2022
DEBORAH S. HUNT, Clerk

Rason Horton #361861
Macomb Corr Fac
34625 26 Mile Rd.
Lenox Township, MI 48048

---

## MOTION FOR CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c) and 6th Cir.R.22(a), Petitioner Rason Angelo Horton, asks this Court to grant this motion for Certificate of Appealability, and states the following:

1. On 1-12-22, the Honorable Paul D. Borman, from the Eastern District Court of Michigan. Issued an order denying Petitioner Horton's, petition for writ of habeas as a whole.

2. He did, however grant a Certificate of Appealability (COA) regarding the petitioner's first issue, concerning his Fifth Amendment claim. But ultimately denied (COA)'s for the rest of the remaining issues. But with particularity, the 14th Amendment due process claim, relating to the 404(b) analysis. As well as the Fifth Amendment Manifest Necessity claim, that the petitioner is now seeking to raise on appeal.

3. On 1-31-22, Petitioner Horton filed a Notice Of Appeal, in the Eastern District Court of Michigan. Regarding the abovementioned issues.

4. Petitioner - Appellant Horton, now respectfully request that this Court grant a Certificate Of Appealability for both his third and fourth claims.

5. Although judge Borland, began his opinion incorrectly stating that a 404(b) claim isn't cognizable on habeas review. He nonetheless accurately acknowledged, "that a state court evidentiary error can rise to a level of a federal constitutional claim warranting habeas relief if it amounted to a fundamentally unfair trial." Thus the relevant inquiry, isn't whether an evidentiary error occurred in a state court, and therefore off limits, as alluded to by the district court. But whether the events that occurred from an evidentiary standpoint rose to the level of creating an unfair trial. Which was an analysis

that the district court decided to forego. Despite it's constitutional validity.

6. While analyzing petitioner's fourth claim for Manifest Necessity. Judge Borland erroneously concluded that the petitioners objection to a mistrial amounted to a waiver on that issue, and therefore required no review. When in fact, the trial judge never considered a mistrial in the first place. Secondly judge Borman refused to acknowledge that the Manifest Necessity doctrine was created as a means of protecting the defendants right to a fair trial. And lastly, that it's commonplace for mistrial to be granted over a defendants objections.

7. It is the petitioner's contention that neither of these issues are frivolous and both present questions of a Constitutional magnitude, warranting a Certificate Of Appealability.

For these reasons, Petitioner Horton pray this Court grant him a (COA) so that he can proceed on the merits.


Respectfully submitted,

*Rason Horton* (signature)

Rason Horton #361861
Macomb Corr Fac
34625 26 Mile Rd.
Lenox Township, MI 48048

# BRIEF IN SUPPORT OF MOTION FOR CERTIFICATE OF APPEALABILITY

On 1-12-22, district court judge Paul D. Borman, denied as a whole Petitioner Horton's writ of habeas corpus. Yet granted a certificate of appealability, for the petitioner's first issue. Regarding what can be categorized as a Fifth Amendment right to counsel claim. While denying (COA)'s regarding petitioners third and fourth claims. Concerning a 14th Amendment / 404(b) violation. As well as a Fifth Amendment Manifest Necessity violation.

On or about 1-31-22, the petitioner filed a Notice of Appeal, to address the denials of Certificates for his third and fourth claims. Petitioner Horton now requests that the 6th Cir. Court of Appeals grant certificates for the abovementioned claims. So that this Court can consider them.

## FACTS

Before a Petitioner can appeal a judgment, a certificate of appealability must issue. see 2253(c); Fed.R.App.P 22(b).

However, the Sixth Circuit has long held, in order to meet this obligation. "The applicant must make a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2)

Furthermore, several circuits have went on to conclude. The decision to issue a (COA) shouldn't be based upon the likelihood of showing entitlement to relief. But whether legal jurist could find the issues debatable or wrong. It is petitioners contention that he can meet this obligation.

In both instances regarding the two issues that are now subject to appellate scrutiny. The district court judge began his analysis on both issues. By denying them on procedural grounds. One issue three, concerning the 404(b) analysis. He sought to relegate the issue as being a state evidentiary issue, and therefore off limits. Despite his later acknowledgment, that a state evidentiary issue can amount to a fair trial. Yet still decided to forego that analysis altogether. Whereas on it's face, no reasonable minded jurist could legitimately deny that repeatedly playing a video of a different crime (5 times). Is not extremely flammable and prejudicial. Especially in light of the availability of the lesser prejudicial testimony that was available and used in conjunction with the video. see U.S. v. Merriweather 78 F.3d 1070

For obvious reasons, this resulted in anything but a fair trial, as the prosecution had available at his disposal, Two identifying eyewitnesses to testify to the events that occurred on the video. Or the fact, that the jury was then instructed improperly by the court to consider evidence, that was never "in issue" to begin with. Which amounted to misleading the jury. see U.S. v. Bell, 516 F.3d 432

In terms of Petitioner Horton's fourth claim, concerning Manifest Necessity. Petitioner Horton concedes that the issue itself should've been raised as a Sixth Amendment right to fair trial violation. As that governs this issue squarely as opposed to haphazardly under the Manifest Necessity doctrine. However, that lapse in judgment on the part of a less than stellar appellate attorney doesn't in anyway negate the facts that occurred as a result of the prosecutorial actions. Nor the judge's duty to protect the integrity of the

proceedings.

To conclude that a waiver occurred, as a result of objecting to a mistrial. That was never considered in the first place, is an assault on commonsense jurisprudence. Notwithstanding the litany of case law within this circuit. Where defendants / petitioner's have objected to mistrial. Yet not a shred of case law can be found to support the notion that an objection can be deemed a waiver of the issue. Or, that a defendant for that matter, even has a right to mistrial, that can be waived.

It is clear that both of these issues meet the threshold standard. That is, they both present valid constitutional questions. Nor can they be deemed frivolous or lacking in substance.

Rason Angelo Horton #361861
Macomb Correctional Facility
34625 26 Mile Rd
Lenox Township, MI 48048

RECEIVED
MAR 03 2022
DEBORAH S. HUNT, Clerk

Clerk of Court
United States Court of Appeals
For the Sixth Circuit
100 East Fifth Street, Room 540
Potter Stewart U.S. Courthouse
Cincinnati, Ohio 45202